### Knights of Honor v. Ella S. Fortson.
#### No. 3164.

**Statement of Facts — Omission.** — The failure of the statement of facts to show that the instrument sued on was read in evidence is ground for reversal where a general denial was pleaded, although such instrument is in the record as an exhibit to the petition.

Appeal from Marion.   Tried below before Hon. J. L. Sheppard. The opinion gives a sufficient statement.

*W. T. Armistead,* for appellant.— 1.   The charge of the court must conform to the evidence in the case.   Rule 71 for Dist. Cts.; Rosenthal v. Middlebrook, 63 Texas, 333; Railway v. Faber, 63 Texas, 344.

2.   The note or obligatory instrument sued on must be read in evidence. 25 Texas Supp., 245; 20 Texas, 438; 12 Texas, 88; 11 Texas, 649, 696; 9 Texas, 610; Rule 71 for Dist. Cts.

3.   The best evidence must be produced.   48 Texas, 147; 3 Texas, 493.

*H. McKay, J. H. Culberson,* and *W. B. Figures,* for appellee.—As to the seventh error assigned by appellant and the propositions and statements thereunder appellee objects, for that the benefit certificate was appended as an exhibit by the appellee to her original petition and made a part of the same, which was used on the trial, the amendment thereto being a trial amendment, and as a part of plaintiff's pleadings, and was read to the court and is brought up in the record.   The witness Hart spoke of the benefit certificate having been issued to Fortson by the order.   The witness Mrs. Ella Fortson, the beneficiary in the certificate, identified the same in court. The court gave the jury in charge full and minute instructions as to the said certificate, as to date, by whom and to whom issued, and for whose benefit, amount, rate of interest, etc., and the same was with the jury in their retirement and deliberations, and upon which they made their calculations.   In ten pages of motion and amended motion for new trial, closely and severely reviewing and criticising the action of the court upon the trial of the cause, the ground of error set forth in the said seventh assignment of error is not mentioned.   And in the exhaustive and severe charges and criticisms of the actions of the jury in finding and returning their verdict this ground of error is not alluded to—only charging the verdict to be excessive by reason of the amount of interest found upon the face of the certificate or policy.

The benefit certificate does not appear in the statement of facts.   How it was omitted we can but conjecture—an oversight and not an intentional act of the judge of the court below, who made up the statement of facts within ten days after adjournment of the term, upon application of defendants.   The attorneys having failed to agree, both presented the judge with their respective statements; the judge made up and certified said statement and caused the same to be filed February 1, 1890, the last but one day in which same could have been filed.

Appellee submits the following counter-proposition under said seventh assignment:

The error complained of in said seventh assignment and propositions

thereunder was not presented to the court in the motion for a new trial, and is therefore waived.

HENRY, ASSOCIATE JUSTICE.—The original petition in this cause was filed by the appellee on the 27th day of May, 1889, upon a benefit certificate which she made part of her petition and which she alleged was issued by appellant upon the life of her husband.

The benefit certificate reads that "Upon condition that the statements made by said member in his petition for membership and the statements made by him to the medical examiner be made a part of this contract, and upon condition that said member complies with the laws, rules, and regulations now governing this order or that may hereafter be enacted for its government, and is in good standing at the time of his death, the said Supreme Lodge hereby agrees to pay out of the widows and orphans benefit fund to his wife, Ella S. Fortson, the sum of $2000, in accordance with and under the laws governing this order, upon satisfactory evidence of the death of said member and the surrender of this certificate."

The original petition charged that said Washington P. Fortson, having in all things complied with the rules and regulations of said order, died on the 31st day of March, 1889; that due and proper notice was immediately given of the death of the said Fortson by the persons required to do so by the rules of the order, and that demand was made for the sum due, in manner and form and within the time prescribed by the rules of the order.

Subsequently plaintiff filed a trial amendment in which she alleged that immediately upon the death of her husband she informed the subordinate lodge at Jefferson of the fact; that the subordinate lodge reported the death to the supreme lodge and that the last named body refused to recognize said claim. That at that time the body of said Fortson had not been found and it then seemed would never be found, but that on the 1st day of August, after the institution of this suit, his remains were discovered floating in Red River, and that fact was duly reported by the subordinate to the supreme lodge and demand of payment was again made, which was again refused.

The defendant answered by excepting to the plaintiff's pleadings, because they failed to show that satisfactory proof of the death of Fortson had been made either to the subordinate or supreme lodge, and because the petition showed that it had been prematurely filed.

The defendant also pleaded a general denial, and specially alleged that the plaintiff had not furnished defendant with proof of the death of her husband as required by the rules of the order, which are alleged to be that at least three of the members of the local lodge should sign a certificate that they and each of them had viewed the remains of the deceased and knew that said Fortson was dead.

Upon the trial neither the benefit certificate nor the rules and regulations of the order referred to in the pleadings were introduced in evidence. No evidence of the substance or contents of either was given.

The failure to introduce the certificate requires a reversal of the cause, as it leaves the judgment unsupported by the evidence.

Error is assigned upon several charges given by the court which, in the absence of evidence as to what the rules and regulations of defendant were affecting the contract sued upon, we can not revise.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered December 9, 1890.